DOLORES ORTIZ AXTMAYER, Plaintiff and Appellee, *v.* LAS MONJAS RACING CORPORATION ET AL., Defendants and Appellants.

No 7818.  Argued November 18, 1938.—Decided January 31, 1939.

*Leopoldo Feliú,* for appellants.  *A. Torres Braschi,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

This was an appeal from the judgment of the District Court of San Juan.

In this Court, on the 23rd of August 1938, a motion was presented to dismiss the appeal for lack of a brief and on the ground that it was frivolous. Before that time the appellant corporation had asked for an extension of time to file its brief which was denied on the ground that the original term had expired three days before the request for an extension was made. On the 14th of September, 1938, we refused to reconsider our denial of the above motion to extend.

On the 21st of November the motion to dismiss was heard. Neither of the parties appeared at the hearing.

In strict procedure the appellee has a right to ask for a dismissal of the appeal because the brief was not filed in time. We shall, however, use our discretion to examine the brief to see whether the facts outlined therein and the law justify a further continuance of the appeal.

The District Court of San Juan decided that Dolores Ortiz Axtmayer was entitled to a share of the proceeds of the pool by reason of the races that took place at Las Monjas Racing track on the 6th of December 1936. Las Monjas Racing Corporation relied, for one of its principal defenses, on a rule printed in small type on the back of each ticket (*cuadro*) and which sets forth that no ticket should have any effect or give any right unless it reached the hands of the corporation and was duly stamped at its main office on the track. The ordinary purchaser of a ticket does not examine the back part of the printed sheet to study the rules. An analogy is presented in tickets sold by carriers. The jurisprudence is that if a purchaser goes to a ticket window and obtains a ticket he is not, as a general rule, bound by any provision printed on the back of it, but a person who makes a special contract with such a carrier is so bound.

The corporation also maintained that the person who sold the ticket to Dolores Ortiz Axtmayer had no authority to make the sale, inasmuch as it was not proved that there was any relationship of principal and agent (*nexo jurídico*) between such person and the corporation.

Pedro L. Rodríguez had a contract with Las Monjas Racing Corporation whereby he had the sole control of the sale and distribution of tickets. Thereunder, either by direct or implied authority, he appointed sub-agents. He so appointed Flora Chévere his sub-agent and the agency was located next to the Fox Theatre in a shop. It transpires that she seldom was at the shop but that her brother was in charge of the sale of tickets and was the owner of the establishment. Guillermo Vázquez was, at the time of the purchase of the ticket by Dolores Ortiz Axtmayer, an employee of Flora Chévere's brother. There is no doubt that Vázquez sold tickets for the pool to all comers who paid the price and that on several other occasions he had sold a ticket to Dolores Ortiz Axtmayer.

On the day of the races, before they had begun, Vázquez gathered up a number of tickets to take to the main office of Las Monjas Racing Corporation, but the ticket that Dolores Ortiz Axtmayer bought was not delivered to the corporation. The testimony of Vázquez was that he had lost it.

If Rodríguez had been personally responsible for this nondelivery, we feel bound to hold that corporation would have been estopped from denying the existence of the contract between Las Monjas and the plaintiff-appellee. His duly appointed sub-agent, Flora Chévere, is similarly estopped. The sale by Vázquez may be held to have been countenanced both by Flora Chévere and her principal. As we have indicated before, the printed statement on the back of the ticket could not avail the appellant.

We are inclined to the view that on the merits the appeal is frivolous, but more directly, perhaps, we may say, that on the merits we find sufficient reason to dismiss the appeal for lack of a brief and we find nothing to justify a continuance of the appeal.

The appeal should be dismissed.

Mr. Chief Justice Del Toro took no part in the decision of this Court.